**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **WESLEY HOLT and RAYMOND SMITH, individually and on behalf of all persons similarly situated,** | : | **CIVIL ACTION NO. 7:16-cv-00162** |
| **Plaintiffs,** | : | **FIRST AMENDED COLLECTIVE ACTION COMPLAINT** |
| **v.** | : | **JURY TRIAL DEMANDED** |
| **XTO ENERGY, INC.,** | : | |
| **Defendant.** | : | |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiffs Wesley Holt ("Holt") and Raymond Smith ("Smith") (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this First Amended Collective Action Complaint ("FAC") against Defendant XTO Energy, Inc. ("Defendant" or "XTO") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). This FAC is filed pursuant to FED. R. CIV. P. 15(a)(1)(b), and it relates back to the date of the original pleading pursuant to FED. R. CIV. P. 15(c). Plaintiffs allege that although Defendant classified them and other similarly situated Day Rate Consultants as independent contractors, they were in fact Defendant's employees under the FLSA, and were not paid for all hours worked. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. A substantial part of

the events giving rise to Plaintiffs' claims occurred within this District and Division, and XTO conducts business in this judicial District and Division.

**PARTIES**

3. Plaintiff Wesley Holt ("Holt") is an Oklahoma resident who has been employed by XTO in Upton, Texas between approximately September 2014 and April 2015. Pursuant to 29 U.S.C. § 216(b), Mr. Holt has consented in writing to being a Plaintiff in this action. *See* ECF No. 1-1 at 2.

4. Plaintiff Raymond Smith ("Smith") is a Louisiana resident who has been employed by XTO in and around Midland, Texas between approximately January 2014 and March 2015. Pursuant to 29 U.S.C. § 216(b), Mr. Smith has consented in writing to being a Plaintiff in this action. *See* ECF No. 1-1 at 4.

5. Defendant XTO Energy, Inc. ("Defendant" or "XTO") is a leading natural gas and oil producer with expertise in developing tight gas, shale gas, coal bed methane and unconventional oil resources throughout the United States, including this judicial District. XTO is a subsidiary of Exxon Mobil Corporation, which is publicly traded in the New York Stock Exchange as XOM.

6. XTO is incorporated in Texas and maintains its corporate headquarters in Fort Worth, Texas.

7. XTO employs individuals (including Plaintiffs) who perform a variety of services on oil and gas pipelines for energy, public utility and pipeline companies throughout the United States but intentionally misclassifies these Day Rate Consultants as independent contractors. XTO's financial results are driven by the number of employees performing services for XTO's customers and the fees that XTO charges the customers for these services.

8. XTO employed Plaintiffs and continues to employ similarly situated employees.

9. XTO employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10. XTO's annual gross volume of business exceeds $500,000.

11. XTO is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITION

12. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential FLSA opt-in litigants:

> All individuals who were paid pursuant to a daily rate compensation system in connection with work performed for XTO Energy, Inc. ("XTO") in the United States at any time in the past three years, and who XTO classified as independent contractors, including but not limited to "Consultants" (the "FLSA Collective").

13. Plaintiffs reserve the right to redefine the FLSA Collective prior to notice or class certification, and thereafter, as necessary.

## FACTS

14. XTO employs members of the FLSA Collective throughout the United States.

15. Between approximately September 2014 and April 2015, Plaintiff Holt was employed as a Completions Consultant with XTO in Upton, Texas.

16. Between approximately January 2014 and March 2015, Plaintiff Smith was employed as a Drilling Consultant with XTO in Midland, Texas.

17. Plaintiffs reviewed and aided colleagues in performing inspections of completed wellbore and oil rigs. Plaintiffs observed other members of the FLSA Collective performing the same or substantially similar job duties.

18. Plaintiffs and the FLSA Collective perform core work that is necessary to XTO's business, namely the production of oil and gas.

19. XTO improperly misclassified Plaintiffs and Collective Members as independent contractors, when the economic reality of their position is that of an employee, and XTO retains the right of control, and in fact, actually does control the work.

20. As a result of the misclassification of Plaintiffs and Collective Members, XTO did not pay them in accordance with the FLSA and otherwise forced the Plaintiffs and Collective Members to bear the costs of XTO's business.

21. The Department of Labor's Wage and Hour Division ("WHD") released Administrator's Interpretation No. 2015-1, to provide "guidance regarding the application of the standards for determining who is an employee under the Fair Labor Standards Act [FLSA] ... to the regulated community in classifying workers and ultimately in curtailing misclassification.." U.S. Dep't of Labor, Wage & Hour Div., Admin.'s Interpretation No. 2015-1, 1 (July 15, 2015). According to the WHD, "most workers are employees under the FLSA's broad definitions." *Id.*

22. Plaintiffs and Collective Members qualify as employees under the FLSA's test, as further described below.

23. The work performed by Plaintiffs and Collective Members is an integral part of the XTO's business. XTO is in the business of producing oil and gas. Plaintiffs and Collective Members provided services to XTO's clients inspecting completed wellbore and oil rigs.

24. Plaintiffs' and Collective Members follow the standards, protocols and specifications provided to them by XTO in performing their work.

25. Plaintiffs and Collective Members do not make any significant relative investments in relation to their work with XTO. XTO provides the equipment required to perform the functions

of the work.

26. XTO provided standards, protocols and specifications to Plaintiffs and Collective Members, which they used to provide services to XTO's clients.

27. Plaintiffs and Collective Members have little or no authority to refuse or negotiate XTO's rules and policies.

28. In addition to reserving the right to control the work performed by Plaintiffs and Collective Members, XTO, in fact, does exercise control over the method and manner in which Plaintiffs and the FLSA Collective perform their labor for XTO's clients. Such control includes, but is not limited to, the following:

   a. XTO requires Plaintiffs and Collective Members to comply with the instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiffs and Collective Members' duties.

   b. XTO requires Plaintiffs and Collective Members to attend meetings regarding the services it performs and to prepare reports pursuant to XTO policies and procedures.

   c. XTO requires Plaintiffs and Collective Members to monitor drilling operations in accordance with policies and procedures dictated by XTO.

29. Plaintiffs and Collective Members were unable to perform services for another company while working for XTO due to the amount of hours required of them.

30. XTO has a policy or practice of failing to compensate Plaintiffs and the FLSA Collective for all overtime hours worked.

31. XTO paid Plaintiffs and the FLSA Collective pursuant to a daily rate compensation system that did not take into account all hours worked in a workweek, including hours worked

over forty.

32. Specifically, XTO paid Plaintiffs and the FLSA Collective a specific set amount per each day that they worked, regardless of the number of hours that they worked, and did not pay any overtime for hours worked over forty.

33. The daily rate compensation system that XTO paid to Plaintiffs and the FLSA Collective fails to satisfy the salary basis requirement necessary to qualify for an exemption under the FLSA. *See* 29 C.F.R. § 541.602.

34. Plaintiffs and the FLSA Collective were paid for days actually worked.

35. XTO does not maintain accurate records of all hours that Plaintiffs and the FLSA Collective worked each workday and the total number of hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

36. Plaintiffs routinely worked up to six (6) to seven (7) days per week and typically more than twelve (12) hours per day.

37. Plaintiffs routinely worked in excess of 72 hours per week.

38. Plaintiffs observed that the members of the FLSA Collective routinely worked similar schedules.

39. XTO did not pay Plaintiffs and the FLSA Collective any overtime compensation for hours worked over forty (40) per workweek.

40. In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011). Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into

compliance with the FLSA. XTO, however, has not done so.

41. XTO has shifted certain capital costs to Plaintiffs and the Collective Members while retaining behavioral and financial control over them in the same way it would over any of its employees.

42. By virtue of the extensive control XTO exerts over them, and the nature of their relationship with XTO, the Plaintiffs and the Collective Members are not independent business operators, or agents of independent business operators, as XTO has classified them. Rather, Plaintiffs and all Collective Members who perform work on behalf of XTO are employees of XTO under the FLSA.

43. XTO has intentionally misclassified Plaintiffs and the FLSA Collective to avoid XTO's obligations under the FLSA. XTO saves thousands of dollars in avoiding expenses associated with its core business by not providing Plaintiffs and the FLSA Collective with proper compensation, health, pension, or other benefits ordinary employees are entitled to and enjoy.

44. XTO has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiffs and the FLSA Collective for hours worked in excess of forty (40) during the workweek.

45. Moreover, during the entire relevant time period, XTO was aware that the FLSA Collective members were not properly compensated under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

47. Plaintiffs desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

48. Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to XTO's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, XTO's common compensation, timekeeping and payroll practices.

49. Specifically, XTO misclassified Plaintiffs and the FLSA Collective as independent contractors and paid them a set amount of pay per day for work performed, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

50. Federal courts in this Circuit and around the country routinely grant conditional certification to groups of individuals who were paid on a day rate basis. *See, e.g.*, *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15–cv–330–RP, 2015 WL 7075971, at *7 (W.D. Tex. Oct. 5, 2015) (Pitman, J.) (conditionally certifying a collective that included employees and independent contractors who were paid on a day rate basis); *Thomas v. HCC-High Capacity Coil, LLC*, No. 2:14–cv–17, 2014 WL 4063981, *5 (S.D. Tex. July 29, 2014); *see also Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-cv-326, -- F. Supp. 3d --, 2016 WL 1059681, at *5 (S.D. Ohio Mar. 17, 2016); *Casarotto v. Expl. Drilling, Inc.*, No. 15-cv-41, 2015 WL 6080755, at *4 (D. Mont. Oct. 15, 2015), *report and recommendation adopted Casarotto v. Expl. Drilling, Inc.*, 2015 WL 8780050 (D. Mont. Dec. 15, 2015); *May v. E&J Well Serv., Inc.*, No. 14– cv–00121-RBJ, 2014 WL 2922655, at *2 (D. Colo. June 27, 2014).

51. The similarly situated employees are known to XTO, are readily identifiable and may be located through XTO's records, as well as the records of any payroll companies that XTO utilizes. XTO employs many FLSA Collective Members throughout the United States. These

similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**CAUSE OF ACTION**
**Violation of the FLSA**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

54. The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. 203(d). The FLSA's definition of "employ" broadly covers anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. 203(g).

55. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

56. At all relevant times, XTO is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

57. At all relevant times, Plaintiffs and the FLSA Collective are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

58. Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA.

59. Plaintiffs and the FLSA Collective are entitled to be paid overtime for hours worked over forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

60. XTO's compensation scheme applicable to Plaintiffs and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

61. XTO knowingly failed to compensate Plaintiffs and the FLSA Collective at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

62. Pursuant to 29 U.S.C. § 216(b), employers, such as XTO, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employees for the wages or expenses that were intentionally not paid, liquidated damages, attorneys' fees and court costs

63. In violating the FLSA, XTO acted willfully and/or with reckless disregard of clearly applicable FLSA provisions.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective, seek the following relief:

    A. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

    B. A judgment against Defendant awarding Plaintiffs and the FLSA Collective back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and an equal amount, as liquidated damages;

    C. An order awarding litigation costs, expenses, and attorneys' fees to the

fullest extent permitted under the law;

D. Prejudgment interest to the fullest extent permitted under the law; and

E. Such other and further relief as this Court deems just and proper.

Dated: August 30, 2016

Respectfully submitted,

**WILLIAMS LITIGATION, L.L.C.**

S/Christopher L. Williams

Christopher L. Williams (LA 32269)
WILLIAMS LITIGATION, L.L.C.
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

Shanon J. Carson (PA 85957) •
Sarah R. Schalman-Bergen (PA 206211)•
Alexandra K. Piazza (PA 315240; NJ 010922013)*
Camille Fundora (PA 312533; NJ 0170642011)*
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net
cfundora@bm.net

• Application for admission pending.
**Admitted Pro Hac Vice.*

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND THE PROPOSED COLLECTIVE**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2016, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

s/Christopher L. Williams
Christopher L. Williams