IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

FILED
NOV 1 0 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| WESLEY HOLT and RAYMOND SMITH, Individually and on behalf of all persons similarly situated, *Plaintiffs*, <br><br> v. <br><br> XTO ENERGY, INC., *Defendant*. | § § § § § § § § § § § |

No. MO:16-CV-00162-RAJ

## ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS

BEFORE THE COURT is Defendant XTO Energy, Inc.'s ("Defendant") Renewed Motion to Dismiss and/or Strike Plaintiffs Wesley Holt and Raymond Smith's ("Plaintiffs") Overbroad Class Definition and Related Class Allegations. (Doc. 27). Plaintiffs bring this wage action against Defendant based on their allegation that Defendant classified them and other similarly situated Day Rate Consultants as independent contractors when they were in fact Defendant's employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. 26). After due consideration, Defendant's Second Motion to Dismiss shall be **GRANTED** in part. (Doc. 27).

### I. BACKGROUND

Plaintiffs filed their Collective Action Complaint against Defendant on June 16, 2016, alleging that Defendant "classified them and other similarly situated Day Rate Consultants as independent contractors [when] they were in fact Defendant's employees under the FLSA, and were not paid for all hours worked." (Doc. 1 at 1). On August 17, 2016, Defendant filed its Answer and its first Motion to Dismiss. (Docs. 22, 23). On August 30, 2016, Plaintiffs filed their First Amended Collective Action Complaint against Defendant. (Doc. 26). On September 15, 2016, the Court denied Defendant's first Motion to Dismiss as moot. (Doc. 29).

On September 13, 2016, Defendant filed its Renewed Motion to Dismiss and/or Strike Plaintiffs' Overbroad Class Definition and Related Class Allegations. (Doc. 27). On September 27,

2016, Plaintiffs filed their Response in Opposition to the Motion to Dismiss. (Doc. 30). On October 4, 2016, Defendant filed its Reply. (Doc. 33). This matter is now ripe for disposition.

## II. LEGAL STANDARD

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Dismissal is appropriate when the plaintiff fails to allege "enough facts to state a claim that is plausible on its face." *Id. Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 556 U.S. at 678. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## III. DISCUSSION

Plaintiffs allege that they worked as Completions and Drilling Consultants for Defendant from 2014 to 2015, and Defendant misclassified them as independent contractors, thereby failing to pay them in compliance with the FLSA. (Doc. 26 at 3–4). Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential opt-in plaintiffs:

> All individuals who were paid pursuant to a daily rate compensation system in connection with work performed for XTO Energy, Inc. ("XTO") in the United States at any time in the past three years, and who XTO classified as independent contractors, including but not limited to "Consultants[.]"

(*Id.* at 3).

According to Defendant, "Plaintiffs' proposed class definition is not limited to 'similarly situated' independent contractors who worked as Completions or Drilling Consultants in west Texas." (Doc. 27 at 2). Rather, Plaintiff seeks to represent all individuals who performed any work in connection with Defendant's operations throughout the United States regardless of location, titles, or duties, and were paid pursuant to a daily rate compensation system and classified as independent contractors by Defendant. (Doc. 26 at 3).

Defendant argues that Plaintiffs' overbroad class definition "remains a transparent attempt to obtain virtually unlimited discovery into XTO's operations in the hopes of increasing settlement leverage, facilitating a fishing expedition, or both." (Doc. 27 at 1). Defendant urges that Plaintiffs must specify the proposed class members' duties, locations, retention as contractors, compensation or hours worked. (*Id.*). Because the Court finds that Plaintiffs' class definition is overly broad, the Court **GRANTS** in part Defendant's Second Motion to Dismiss.

An employee may bring an action for violating the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under Section 216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (unpublished) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Plaintiff must show that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino v. C*

*& J Spec–Rent Servs., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010). "FLSA collective actions are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding common issues of law and fact arising from the same alleged activity." *Id.* at 646.

To bring a collective action, Plaintiffs must show that they are similarly situated to the class members they seek to represent. Defendant is a leading natural gas and oil producer with expertise in developing tight gas, shale gas, coal bed methane, and unconventional oil resources. (Doc. 26 at 2). Plaintiffs Wesley Holt and Raymond Smith allege that during 2014 and 2015 they "reviewed and aided colleagues in performing inspections of completed wellbore and oil rigs" for Defendant's customers in Upton County, Texas and Midland County, Texas, respectively, and were misclassified as independent contractors by Defendant. (*Id.* at 2–3). Finally, Plaintiffs allege that they received a predetermined amount of pay for each day they worked, but did not receive overtime premiums for hours worked over forty in one week in violation of the FLSA. (*Id.* at 6).

In addition to their individual claims, Plaintiffs seek to represent other workers in a nationwide collective action under 29 U.S.C. § 216(b). (*Id.* at 3). "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *Rueda v. Tecon Servs., Inc.*, No. CIV. A. H–10–4937, 2011 WL 2566072, at *4–6 (S.D. Tex. June 28, 2011). However, geographic commonality is not necessary to satisfy the FLSA collective action's similarly situated requirement, so long as the employees were impacted by a common policy. *Vargas v. Richardson Trident Co.*, No. H–09–1674, 2010 WL 730155, at *8 (S.D. Tex. Feb. 22, 2010). Accordingly, "[i]f there is reasonable basis to conclude that the same policy applies to multiple locations of a single company, certification is appropriate." *Rueda*, 2011 WL 2566072, at *4.

Here, Plaintiffs have not alleged sufficient facts to support a company-wide class. Furthermore, the Court does not find a reasonable basis to conclude that Defendant's alleged practice

4

of paying Completions and Drilling Consultants in west Texas pursuant to a daily rate compensation system in violation of the FLSA justifies a class consisting of "all individuals who were paid pursuant to a daily rate compensation system in connection with work performed for [Defendant] in the United States at any time in the past three years, and who [Defendant] classified as independent contractors[.]" (Doc. 26 at 6). Plaintiffs fail to plead sufficient facts to show that they are similarly situated to all independent contractors employed by Defendant across the United States. Accordingly, the Court **STRIKES** Plaintiff's overbroad class allegations from the First Amended Complaint.

"[P]otential class plaintiffs are considered 'similarly situated' to the named plaintiffs if they are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Tolentino*, 716 F. Supp. 2d at 649–50. "The positions need not be identical, but similar." *Id.* In the Amended Complaint, Plaintiffs have alleged sufficient facts to suggest that Completions and/or Drilling Consultants currently or formerly employed by Defendant in west Texas are similarly situated with respect to their job duties and pay provisions. (Doc. 26). Because Plaintiffs have raised substantial allegations to bind themselves to Completions and/or Drilling Consultants currently or formerly employed by Defendant in west Texas as victims of the same daily rate compensation system, the following revised definition of the collective action shall henceforth be employed: "**All current and former Completions and/or Drilling Consultants employed by XTO Energy, Inc. in west Texas during the three-year period before the Court authorizes notice to potential class members.**"

IV. CONCLUSION

Accordingly, Defendant's Second Motion to Dismiss shall be **GRANTED** in part. (Doc. 27). Specifically, the Court **STRIKES** Plaintiffs' class definition from the First Amended Collective Action Complaint as overly broad. (Doc. 26).

It is therefore **ORDERED** that Defendant's Second Motion to Dismiss is hereby **GRANTED** in part. (Doc. 27).

It is further **ORDERED** that Plaintiffs shall file a Second Amended Complaint revising the class definition in compliance with this Order on or before **November 24, 2016**.

It is so **ORDERED**.

SIGNED this 10th day of November 2016.

_____
ROBERT A. JUNELL
Senior United States District Judge