IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **WESLEY HOLT and RAYMOND SMITH,** individually and on behalf of all persons similarly situated, | : : : : | **CIVIL ACTION NO. 7:16-cv-00162-RAJ-DC** |
| Plaintiffs, | : : | **COLLECTIVE ACTION** |
| v. | : : : | **JURY TRIAL DEMANDED** |
| **XTO ENERGY, INC.,** | : : | |
| Defendant. | : | |

## THE PARTIES' ADVISORY TO THE COURT AND STIPULATION

Per the Court's Order dated July 5, 2017, Dkt. No. 57, Plaintiffs Wesley Holt and Raymond Smith ("Plaintiffs") and Defendant XTO Energy Inc. ("Defendant" or "XTO") (together with Plaintiffs, the "Parties"), file this Advisory to the Court and Stipulation and state as follows:

1. Pursuant to the Court's July 5, 2017 Order, Dkt. No. 57, Defendant was to provide Plaintiffs' Counsel with the names, last known addresses, email addresses, and telephone numbers of the potential opt-in plaintiffs by August 4, 2017.

2. On August 4, 2017, Defendant provided Plaintiffs' Counsel with a list of 134 potential opt-in plaintiffs. The list provided personal mailing addresses for 33 potential opt-in plaintiffs. The list also included the business address of the staffing company with whom the remaining 101 potential opt-in plaintiffs were affiliated, but not their personal addresses, because, Defendant states, the personal mailing addresses for these individuals were not in Defendant's possession. The list also did not contain email addresses for any of the 134 potential opt-in plaintiffs because, Defendant states, Defendant does not maintain permanent email addresses for

any of the potential opt-in plaintiffs. Defendant has supplemented the list following the Parties' conference on August 8, 2017 discussed below by providing temporary email addresses using the domain xtoenergy.com that had been assigned to these individuals in connection with their performance of services on Defendant's behalf.

3. Because Plaintiffs' Counsel did not have personal mailing information for 101 of the potential Opt-In Plaintiffs, on August 7, 2017, Plaintiffs' Counsel distributed the stipulated Notice and Opt-In Consent form via U.S. First Class mail only to the 33 potential opt-in plaintiffs whose personal mailing addresses were listed. Plaintiffs also provided Defendant's Counsel with the same Notice to post at each of Defendant's job sites in west Texas per the Court's Order. Defendant has posted Notices in its office in Midland, Texas and at its job sites in west Texas and is in the process of confirming that all west Texas job sites have posted Notices.

4. On August 8, 2017, the Parties met and conferred regarding the contact information for the remaining 101 potential opt-in plaintiffs for whom personal mailing addresses were not listed. On the meet and confer call, counsel for Defendant described its efforts to identify individuals on the class list and to obtain their contact information, which included reviewing internal files to assess whether any contact information had been collected incidental to the potential opt-in plaintiffs' performance of services on Defendant's behalf, including every invoice in Defendant's possession, custody, or control that was sent to a staffing firm with whom the potential opt-in plaintiffs were affiliated. Counsel for Defendant further explained that because this search yielded minimal results, Defendant also incurred expenses to search third-party databases for additional contact information. Where Defendant was able to narrow its searches to one entry for a potential opt-in plaintiff, the related contact information included in the database was included in the list provided by Defendant and specifically identified as information that was

not in Defendant's possession, custody, or control.

Additionally, counsel for Defendant explained that Defendant had contacted the third-party staffing company with whom Plaintiffs were affiliated earlier in this case but did obtain contact information of potential opt-in plaintiffs following this conversation. Defendant did not contact the other third-party staffing companies with whom other potential opt-in plaintiffs were affiliated.

5. In order to obtain the last known contact information for each of the potential opt-in plaintiffs, including email addresses, the Parties have agreed that Plaintiffs will serve the 21 staffing companies identified by XTO as having been affiliated with potential opt-in plaintiffs with subpoenas requesting that the staffing company provide the Court-Ordered Information for the potential opt-in plaintiffs. Furthermore, the Parties agreed on a basic telephone script to call the potential opt-in plaintiffs to obtain their contact information if their notices are returned as undeliverable or if no personal contact information is obtained through the subpoena process, so that a notice can be mailed to their correct address.

6. Due to these circumstances, and in order to provide the best notice practicable to afford potential opt-in plaintiffs the opportunity to join the case, the Parties agree and stipulate that for each potential opt-in plaintiff, the Court's sixty (60) day notice period shall commence on the date that contact information for the potential opt-in plaintiff at issue is provided to Plaintiffs' Counsel, whether in response to the staffing companies' subpoenas or otherwise. For the avoidance of doubt, the Parties further agree and stipulate that nothing in this Advisory to the Court and Stipulation is intended to limit any other deadlines contained in the Court's Order dated July 5, 2017, Dkt. No. 57 or to provide any potential opt-in plaintiff with a notice period in excess of sixty (60) days from the date their contact information is obtained.

7. Defendant agrees that, with respect to Plaintiffs' claims under the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.*, the statute of limitations shall be tolled for the 101 potential opt-in plaintiffs for whom personal contact information was not available to Defendant from August 4, 2017 to the date the respective potential opt-in plaintiff's contact information is obtained.

8. The Parties will file a further advisory to the Court when all of the contact information for potential opt-in plaintiffs has been obtained.

9. In the interim, the Parties are in the process of meeting and conferring to determine whether the case may be suitable for alternative dispute resolution.

| | |
|---|---|
| Dated: August 14, 2017 | Respectfully submitted, |
| BERGER & MONTAGUE, P.C. | HAYNES AND BOONE, LLP |
| /s/ Sarah R. Schalman-Bergen | /s/ Felicity A. Fowler |
| Shanon J. Carson | Felicity A. Fowler |
| Sarah R. Schalman-Bergen | State Bar No. 00784076 |
| Alexandra K. Piazza | Alex R. Stevens |
| BERGER & MONTAGUE, P.C. | State Bar No. 24075120 |
| 1622 Locust Street | Arrissa Meyer |
| Philadelphia, PA  19103 | State Bar No. 24060954 |
| Telephone: (215) 875-3000 | HAYNES AND BOONE, LLP |
| Facsimile: (215) 875-4604 | 2323 Victory Avenue, Suite 700 |
| scarson@bm.net | Dallas, Texas 75219 |
| sschalman-bergen@bm.net | Telephone: (214) 651-5000 |
| apiazza@bm.net | Telecopier: (214) 651-5940 |
| | |
| Christopher L. Williams | *Attorneys in Charge for Defendant* |
| WILLIAMS LITIGATION, L.L.C. | |
| 639 Loyola Ave., Suite 1850 | |
| New Orleans, LA 70113 | |
| Telephone: (504) 308-1438 | |
| Facsimile: (504) 308-1446 | |
| chris@williamslitigation.com | |

*Attorneys in Charge for Plaintiffs and the FLSA Collective*